JOHN MURPHY ET AL. *v.* GEORGE M. KLEIN ET AL.

LIMITATION.   *Judgment.   Issuance of execution.   Purpose.*

Where, within seven years, plaintiff has execution issued and placed in
the hands of the proper officer, so that it may be levied if property be
found, this will stop the running of the statute, though done for that pur-
pose, and without expectation of securing satisfaction thereby.   So held
under the code of 1880.   *Jackson* v. *Scanland,* 65 Miss., 481, distinguished.

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

The bill in this case was filed August 14, 1892.   It alleges
that the several judgments against John A. and George M.
Klein, therein mentioned, were rendered at different dates
from 1883 to 1891.   It will thus be seen that the question
involved arose under the code of 1880, § 1741 of which is as
follows : "It shall not be necessary to revive a judgment by
*scire facias,* because no execution shall have been issued on
such judgment within a year and a day after its rendition,
but execution may be issued without such revival."   Section
2674 of said code, limiting actions on judgments to seven
years, provided that no execution should issue on a judg-
ment but within seven years of the date of issuance of the
*last execution.*   This statute is brought forward as § 2743,
code 1892, which provides, however, that an execution shall
not issue on any judgment after seven years from the *date of
the judgment.*

*Wade R. Young,* for appellants.

That complainant's judgments are not barred by limita-
tion is settled in *Buckner* v. *Pipes,* 56 Miss., 366.   Since that
decision, it has been enacted that it is not necessary to re-
vive a judgment by *scire facias,* because no execution shall
have been issued within a year and a day, but that execution

may be issued without such revival.   Code 1880, § 1741.   In view of the above decision and this statute, the question involved is of easy solution.

In *Harris* v. *West*, 25 Miss., 156, followed by the court below, the facts were entirely different from the facts of this case.   There it appears that plaintiff did not have the execution issued for the purpose of being levied.   The court did not hold that the debtor must have assets, or that there must be a hope of realizing the money by a levy, but simply that the execution must issue *bona fide*.

Under the chancellor's decision, it would be impossible to keep a judgment alive by the issuance of execution where the debtor is hopelessly insolvent, because, in such case, there could be no expectation of making the money.   All that the law requires is that the execution shall issue for the purpose of enforcing the judgment if there is property upon which to levy.

*Seavy* v. *Bennett*, 64 Miss., 735, and *Jackson* v. *Scanland*, 65 *Ib.*, 481, are not applicable, as in the former execution was not even issued for the purpose of keeping the judgment alive, and in the latter it was sued out by one having no authority.

*Dabney & McCabe,* for appellees.

1. The question is whether a judgment can be kept alive by issuing execution without any purpose or hope that it shall be levied, and simply with a view to preventing the bar of the statute of limitations.   It has been decided that the bar cannot thus be prevented.   *Harris* v. *West*, 25 Miss., 156; *Seavy* v. *Bennett*, 64 *Ib.*, 735; *Jackson* v. *Scanland*, 65 *Ib.*, 481.

2. The demurrer is to the interrogatory propounded in the cross-bill, and not to its allegations.   Defendants having demurred to a part of the cross-bill, without any response to the remainder, the demurrer cannot be sustained.

COOPER, J., delivered the opinion of the court.

The appellants, who are judgment creditors of John A. &

George M. Klein, exhibited their bill to subject to the satisfaction of their judgments certain real and personal property, which, it is claimed, was fraudulently conveyed by their debtors to the other defendants. It appears from the bill of complaint that the judgments which are the foundation of the proceedings, were rendered more than seven years before the bill was filed, but it is averred that they have been kept alive by the issuance of successive executions. The defendants answered the bill, and then, by way of cross-bill, alleged that while the judgments in favor of the complainants were apparently good and valid, yet in fact they were void or discharged by the statutes of limitation; that none of the executions issued under the judgments were *bona fide*, and for the purpose or in the hope of collecting and enforcing the judgments. The prayer of the cross-bill is that the defendants thereto be summoned and required to answer under oath, "stating whether or not they have ever caused executions to be issued on their judgments respectively; and, if so, when and for what purpose, and what effort, if any, they made to have levies of said executions made, or whether they simply caused them to be sued out, if at all, for the purpose of having them issued without any purpose or expectation of having any levies made thereunder; that, on final hearing, your honor will decree on this cross-bill that all of said judgments are invalid or discharged, and no longer are of any force, virtue or effect; and that respondent, Geo. M. Klein, and respondent, E. B. Klein, as executrix, be relieved of the same, and that the original bill be dismissed." The defendants to the cross-bill interposed a demurrer, which was overruled, and from that decree they prayed and were granted an appeal by the chancellor, in order that the principles involved may be settled.

We are urged by counsel on both sides to decide the question which they say was intended to be raised by the demurrer, and which was considered and decided by the chancellor, and which is presented if the demurrer is one to the

relief prayed by the cross-bill. But counsel for the appellees insist that, having expressed the opinion as to what we would decide on a case presenting the question, we must sustain the decree of the court below, because, they say, the demurrer is one to the discovery, only, sought by the cross-bill, and not to the relief prayed, and defense to discovery only cannot be made by demurrer. Story's Eq. Pldg., § 546.

We will dispose of the objection to the form and nature of the demurrer first; for, if it be true that the demurrer is not one to relief, any thing we should say in reference to the main question argued would be dictum. The pleader does not seem to have had any very clearly defined purpose in preparing the demurrer, and whether it is one to discovery or to the relief prayed, we are at a loss to determine from an inspection of the demurrer itself. But it is evident that both court and counsel dealt with it as a demurrer to the relief, and so will we.

The single proposition presented by the cross-bill is that the operation of the statute of limitations on judgments is not affected by executions sued out and dealt with by the plaintiffs in the usual manner, unless they were taken out for the purpose, with the hope and in the expectation of thereby securing satisfaction of the judgment. This contention is without merit, and finds no suggestion of support in the cases cited by counsel for appellees: *Harris* v. *West*, 25 Miss., 156; *Seavy* v. *Bennett*, 64 *Ib.*, 735; *Jackson* v. *Scanland*, 65 *Ib.*, 481. In *Harris* v. *West*, the plaintiff had the clerk to issue execution, which he then took to the sheriff, and had him to return as not executed for want of time. In *Seavy* v. *Bennett* and *Jackson* v. *Scanland* there had been no executions sued out at all by the plaintiffs. These cases decide that there must be a real, as distinguished from a mere formal, suing out of execution; but there is nothing in them which gives countenance to the suggestion that, because the plaintiff knows or believes the defendant to be insolvent, and that the execution will be fruitless, his right to direct its issuance

in the usual manner is impaired, or its effect, when issued, is at all limited. If the argument for appellees be sound, the statute of limitations of the right to sue out executions against insolvents cannot be suspended at all, for one cannot believe what he has no ground for believing, and no one can expect to have fruit from an execution against a barren defendant.

If the plaintiffs sued out their executions in the usual manner, and caused them to be put in the hands of the proper officers, so that they might have been levied if property subject thereto could have been found, they are not precluded from any benefit flowing from such action merely because they pursued that course for the purpose of preventing the bar of the statute of limitations from attaching, and had no hope or expectation of securing satisfaction of their judgments thereby.

*The decree is reversed, the demurrer sustained and cause remanded.*